

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 5766 | DATE | 9/25/2000 |
| CASE TITLE | Daron Hill et al. Vs. Shell Oil Company et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Renewed motion of Shell Oil Company and Equilon Enterprises LLC for protective order is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 26 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 203 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 25 PM 2: 59 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARON HILL, et al., )
)
      Plaintiffs, )
)
vs. ) No. 98 C 5766
)
SHELL OIL COMPANY, et al., )
)
      Defendants. )

**DOCKETED**
**SEP 26 2000**

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that a number of Shell Oil Company (Shell) gasoline stations discriminated against African-American customers by requiring them, but not others, to prepay to obtain gasoline. They attribute that discrimination to Shell and they seek damages and injunctive relief. Sometime during the relevant time period Shell transferred ownership of stations to Equilon Enterprises or to Motiva Enterprises, which apparently are joint ventures in which Shell has an ownership interest. First Equilon and later Motiva were added as defendants. During this time plaintiffs sought to determine precisely what was the relationship between Shell on the one hand and Equilon and Motiva on the other.

That led to a continuing dispute over what access plaintiffs should have to the Master Agreements determining that relationship. Discussions with the court ultimately resulted in the production of considerable documentation of the relationship, without this court reviewing, except in the most cursory fashion, the relevance of the materials. Now plaintiffs want considerably more documentation related to the Master Agreements. Shell and Equilon ("the defendants" for the purpose of this motion) have moved for a protective order to limit further

203

production, and this court believes the time has come to consider where this documentation fits into the overall issues in this lawsuit.

Plaintiffs contend that they need the materials to help establish successor liability, that they are not asking for everything, that defendants have never established the sensitivity of the information, and that any production is for attorneys' eyes only, in any event. We recognize that the risk of inadvertent disclosure is small, given the attorneys' eyes-only restriction, although we assume for present purposes that the information indeed is sensitive (defendants have offered to spell that out for plaintiffs, but have not been taken up on it). We recognize that plaintiffs are not asking for everything – but they are asking for a great deal – and that leads to a conclusion that it is time for plaintiffs to move on, for now. The motion is granted.

Perhaps successor liability for damages can arise even though the predecessor is fully capable of satisfying any judgment. In this "dreadfully tangled" balancing of competing interests, E.E.O.C. v. Vucitech, 842 F.2d 936, 944 (7th Cir. 1988), it is suggested by E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 748 (7th Cir. 1994), that such liability can arise, even though the ability of the predecessor to provide relief is one of the two most critical factors in the determination of whether or not successor liability is appropriate, Musikiwamba v. Essi, Inc., 760 F.2d 740, 750 (7th Cir. 1985). We are mindful, however, that Shell clearly can respond to any judgment, that effort must be expended to review a large volume of what at best are in all likelihood marginal documents, and we assume they are sensitive. Nor are we persuaded that injunctive relief could be appropriate against Equilon or Motiva for actions by Shell, ostensibly before those entities were even created. Possibly a pattern and practice argument can be made to justify evidence of prior conduct to bolster claims of present misconduct by

Equilon and Motiva, but that is an evidentiary matter separate from any issue of successor liability. Plaintiffs allege that Equilon (and perhaps Motiva) have engaged in the same conduct since they took over. If so, they may be liable in their own right, and perhaps the resulting discovery from those allegations will turn up something that will cause possible successor liability to have some practical significance here. For now, we see no equitable considerations being served by further pursuit of Master Agreement documents. It is time to move on.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 25, 2000.