# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5766 | **DATE** | 2/7/2001 |
| **CASE TITLE** | Daron Hill et al. Vs. Shell Oil Company et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motiva now seeks to be dismissed from the case for lack of personal jurisdiction. We deny Motiva's motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | FEB 08 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 221 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | 01 FEB -7 AM 11:50 | date mailed notice | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARON HILL, TYSON PARKS,  )
CHRISTOPHER M. LAWSON, and )
CARLTON REIVES, on behalf of )
themselves and others similarly situated, )
)
Plaintiffs, )
)
vs. ) No. 98 C 5766
)
SHELL OIL COMPANY, EQUILON )
ENTERPRISES, LLC, and MOTIVA )
ENTERPRISES LLC, et al., )
)
Defendants. )

DOCKETED
FEB 08 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this purported class action against defendants Shell Oil Company (Shell), Equilon Enterprises, LLC (Equilon), Motiva Enterprises, LLC (Motiva) and seven individual service stations, alleging that defendants violated the federal civil rights laws by requiring African-American customers to pre-pay for gasoline while allowing other customers to pay after pumping gas. Motiva now seeks to be dismissed from the case for lack of personal jurisdiction. For the reasons set forth below, we deny Motiva's motion.

## BACKGROUND

We detailed the factual background of this case in our prior opinion, Hill v. Shell Oil Co., 78 F.Supp.2d 764 (N.D. Ill. 1999), and therefore our brief treatment here will focus mainly on facts relevant to the personal jurisdiction question. Plaintiffs filed their original complaint on September 16, 1998. Nearly two years later, on August 31, 2000, plaintiffs amended their

complaint to add Motiva as a defendant.[1] Motiva, like Equilon, acquired ownership of thousands of Shell service stations in 1998. The Motiva-owned stations are located primarily in the Southeast, Eastern Seaboard, and Texas. Plaintiff Daron Hill alleges that he was forced to pre-pay for gas at three different Motiva stations in Maryland. Similarly, plaintiff Christopher M. Lawson alleges two discriminatory pre-pay incidents at Motiva stations in Delaware (Cplt. at ¶ 9). Based on these incidents, plaintiffs have added Motiva as the final piece to their nationwide pattern and practice lawsuit. They claim that Shell, Equilon and Motiva together subject African-Americans across the country to discriminatory pre-pay practices in the purchase of Shell-brand gasoline.

Motiva is a Delaware limited liability company with its principal place of business in Houston, Texas. It is not registered to do business in Illinois and maintains no office, mail box, or other property in this state. Motiva owns and operates service stations in other parts of the country, but does not buy or sell goods or services in Illinois (Motiva Exh. 1 at ¶¶ 3-14). In short, Motiva has no direct presence in Illinois. The precise contours of Motiva's relationship with Shell and Equilon are not clear. There has been a considerable amount of discovery regarding the corporate and contractual organization of the parties. We know that a Shell holding company owns 35 per cent of Motiva. The record also indicates that there exists at least a loose affiliation between Motiva, Shell and Equilon when it comes to the marketing and sale of Shell-brand gasoline. On Motiva's Rule 12(b)(2) motion we must decide whether Motiva's activities and associations in Illinois are sufficient to subject it to personal jurisdiction here.

---

[1] Motiva opposed amendment, but lost. Hill v. Shill Oil Co., 2000 WL 1100350 (N.D. Ill. Aug. 4, 2000).

# DISCUSSION

On a motion to dismiss the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). In determining whether personal jurisdiction exists, we may receive and consider affidavits from both parties. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). We must resolve factual disputes in the pleadings and affidavits in favor of the plaintiff, but take as true those facts in defendant's affidavits that are unrefuted. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F.Supp.2d 818, 821 (N.D. Ill. 1999).

The parties spend a substantial amount of space in their briefs debating personal jurisdiction standards under Illinois and federal law. We see no need to explore the matter at length. *See* First Financial Resources v. First Financial Resources, Corp., 2000 WL 1693973, at *2 (N.D. Ill. Nov. 8, 2000) (explaining personal jurisdiction standard in federal question cases). Suffice it to say, that the central issue here is whether this dispute arises out of Motiva's minimum contacts with Illinois such that it would be reasonable to exercise personal jurisdiction over Motiva in this state. *See* RAR, 107 F.3d at 1277. Plaintiffs concede that Motiva does not have the necessary direct contacts with Illinois to satisfy the minimum contacts test. Instead, plaintiffs argue that Motiva's affiliation with Shell and Equilon provides the necessary jurisdictional hook. Plaintiffs offer two reasons. They first say that jurisdiction is warranted because Motiva is a limited liability company partly owned by Shell. This is not enough to do the trick. *Cf.* Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of its members). Plaintiffs also argue that Motiva, Shell and Equilon are co-

venturers with respect to the marketing and sale of Shell-brand gasoline and therefore jurisdiction over Shell and Equilon is sufficient to confer jurisdiction over Motiva. This second argument has enough merit to resist Motiva's motion.

Courts have held that where two or more companies enter into a joint venture, the minimum contacts of one co-venturer are attributable to the other co-venturers such that personal jurisdiction over one means personal jurisdiction over all. *See* Gruca v. Alpha Therapeutic Corp., 19 F.Supp.2d 862, 872 (N.D. Ill. 1998); Fomusa v. Permian Petroleum Co., 1997 WL 792983, at *2 (N.D. Ill. Dec. 16, 1997); Aigner v. Bell Helicopters, Inc., 86 F.R.D. 532, 540-42 (N.D. Ill. 1980); *see also* Helga v. Bonney, 1997 WL 407831, at *7 (4th Cir. Jul. 21, 1997) (unpublished); Stephens v. American Risk Management, Inc., 1993 WL 43494, at *9 (S.D.N.Y. Feb. 18, 1993). We have personal jurisdiction over Shell and Equilon, so that part of the test is met. The existence of a joint venture, however, remains an open question to some extent. Under Illinois law a "joint venture is an association of two or more persons to carry out a single enterprise for profit." Fitchie v. Yurko, 570 N.E.2d 892, 899-900 (Ill.App. 2 Dist. 1992). "Whether a joint venture exists is a question of the intent of the parties." *Id.* at 900. In order to decipher the parties' intent to form a joint venture, we must look for (1) an express or implied agreement to carry on an enterprise; (2) a manifestation of intent to be associated as joint venturers; (3) a joint interest as evidenced by the contribution of property, financial resources, effort, skill or knowledge; (4) a joint sharing of profits; and (5) a measure of joint control. *Id.* at 900.

There is evidence to suggest that Shell, Equilon and Motiva were engaged in a joint venture to market and sell Shell-brand gasoline. In 1998, Shell transferred ownership of

thousands of service stations to Equilon and Motiva; together, the three own approximately 23,000 Shell-brand stations in the United States (Cplt at ¶ 4; Pls. Exh. 9). When you pump Shell-brand gas into your car, you likely are at a station owned by either Shell, Equilon or Motiva. Corporate structure and contractual relationships also bind the three together. While Shell transferred many stations to Motiva and Equilon, it retained a significant degree of control over the two entities. A Shell affiliate owns 35 per cent of Motiva and 56 per cent of Equilon. Shell's CEO and another Shell official sit on Motiva's six-person board. Shell's CEO is also the chairman of Equilon's seven-member board, which includes three other Shell officials. The Motiva and Equilon boards must approve most decisions by unanimous vote. (Pls. Exhs. 4, 5). Of course, at least some corporate decisions affect all three entities in a similar fashion (such as the recent decision to reduce the number of Shell-brand stations nationwide) (Pls. Exh. 6).

With regard to marketing and selling gasoline, Motiva and Equilon display the Shell trademark at their service stations and otherwise make it clear that they sell Shell-brand gasoline (Pls. Exh. 5). Internally, the entities refer to their common efforts in selling Shell-brand gasoline as an "Alliance" and publish a joint newsletter declaring that they are "working together to build the Shell" brand (Pls. Exh. 5, 9). Toward this effort, they retain the same advertising company and employ a common marketing campaign (Pls. Exh. 7). Finally, Shell's website also forms a connection between the entities. In summary, as a general matter and specifically as to selling gasoline, Shell, Equilon and Motiva share much in common.

A joint venture to market and sell Shell-brand gasoline may well exist, but we are

unable to say so with certainty. What is certain is that there is not now enough here for us to say that a joint venture does not exist. *See* <u>Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.</u>, 230 F.3d 934, 946-47 (7th Cir. 2000) (holding that dismissal is not appropriate where plaintiff has made a colorable or *prima facie* showing of personal jurisdiction). Thus, at least for now, we will deny Motiva's motion to dismiss without prejudicing its ability to raise the issue again as this litigation progresses. *See* <u>Aigner</u>, 86 F.R.D. at 541-42 (doing same).

## CONCLUSION

For the reasons set forth above, we deny Motiva's motion to dismiss without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 7, 2001.