# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 5766 | DATE | 6/1/2001 |
| CASE TITLE | Daron Hill etc. et al. Vs. Shell Oil Company et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. On February 7, 2001, this court denied Motiva's motion to dismiss for lack of personal jurisdiction. Motiva has now filed a motion for reconsideration. As explained below, Motiva's motion is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 4 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 250 |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING  01 JUN -1 PM 1: 26 | date mailed notice |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARON HILL, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 98 C 5766 |
| SHELL OIL COMPANY, et al., | ) ) | |
| Defendants. | ) | |

DOCKETED
JUN 0 4 2001

## MEMORANDUM OPINION AND ORDER

On February 7, 2001, this court denied Motiva's motion to dismiss for lack of personal jurisdiction. Motiva has now filed a motion for reconsideration. As explained below, Motiva's motion is granted in part and denied in part.

In our prior order we held that it would be appropriate to retain personal jurisdiction over Motiva based on a joint venture theory. The joint venture theory provides that the minimum contacts of one co-venturer are attributable to other co-venturers such that personal jurisdiction over one means personal jurisdiction over all. Because there was enough evidence to suggest that Shell, Equilon and Motiva were engaged in a joint venture to market and sell Shell-brand gasoline, we concluded that Motiva could not be dismissed from this lawsuit given the sufficient Illinois contacts of Shell and Equilon. We went on to state, however, that although a joint venture may exist, we were unable to say so with certainty. Accordingly, we advised the parties to revisit the issue at a later, more evolved stage of the litigation. Motiva has taken up our invitation sooner than we had anticipated. Although the facts regarding the joint venture issue have not ripened enough to change our decision, Motiva's motion for

250

reconsideration does raise certain issues that merit discussion and clarification.

First, the parties once again debate the appropriate standards for personal jurisdiction in a federal question case. Plaintiffs argue that the Fifth Amendment, not the Fourteenth Amendment, applies to this federal law action and therefore our focus should be on Motiva's contacts with the United States and not, as in our prior order, on its minimum contacts with Illinois. Plaintiffs concede, however, that personal jurisdiction in this case also depends on whether Motiva is amenable to service of process from this court. *See* Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). None of the federal statutes at play here contain a nationwide service clause. Absent such a clause, the federal rules provide that service of process is appropriate only if "the state in which the district court is located is authorized to exercise personal jurisdiction . . . ." Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201 (7th Cir. 1997); Fed.R.Civ.P. 4(k). Thus, even under Fifth Amendment due process principles, the minimum contacts test is central to the jurisdictional question.

Second, Motiva stresses that it is an independent company affiliated with Equilon through a common corporate parent, Shell. Relying on Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 943-44 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 1406 (2001), and other cases, Motiva argues that the contacts of one company cannot be imputed to its corporate affiliate unless there are grounds for piercing the corporate veil or other evidence indicating that one corporation has exercised a substantial degree of control over the other. Motiva is correct in that there are serious due process concerns associated with exercising personal jurisdiction over a company based solely on its corporate affiliations. See Reimer, 230 F.3d at 943-44. Our decision to retain jurisdiction over Motiva,

however, was not based on its status as a corporate affiliate of Shell and Equilon, but rather on its status as a co-venturer with those two companies. *See* Aigner v. Bell Helicopters, Inc., 86 F.R.D. 532, 540-42 (N.D. Ill. 1980). Therefore, the concerns identified in Reimer do not alter our conclusions.

Third, Motiva argues that we should apply Texas law when deciding whether a joint venture exists between Shell, Equilon and Motiva. In our prior order we cited the Illinois standard on joint ventures.[1] Insofar as there is a difference between Illinois and Texas law on this issue (*see infra* note 4), we agree with Motiva that the Texas standard should govern. Initially, we observe that the courts have not settled on what choice of law rules are to apply in federal question cases. *See* In re Gaston & Snow, 243 F.3d 599, 605-07 ($2^d$ Cir. 2001); Pescatore v. Pan American World Airways, Inc., 97 F.3d 1, 12-13 ($2^d$ Cir. 1996); In re Aircrash Disaster Near Roselawn, Ind. on October 31, 1994, 948 F.Supp. 747, 753 (N.D. Ill. 1996). Some say that the conflicts rules of the forum state govern, while others rely on federal choice of law principles. *See* Pescatore, 97 F.3d at 12-13 (collecting and contrasting cases). We need not choose sides, however, because federal law and Illinois law both follow the "most significant contacts test" to resolve conflicts of laws. See In re Gaston & Snow, 243 F.3d at 605 (federal law); Diamond State Ins. Co. v. Chester-Jensen Co., Inc., 611 N.E.2d 1083, 1093 (Ill. App. 1 Dist. 1993) (Illinois law); *see also* Roselawn, 948 F.Supp. at 753 (declining to decide the issue because federal law and Illinois law both track the *Restatement (Second) of Conflicts of Laws*).

As it pertains to contractual relationships, the "most significant contacts test" requires

---

[1] Illinois cases discussing the joint venture theory of personal jurisdiction have applied Illinois law without engaging in a choice of law analysis. *See* Gruca v. Alpha Therapeutic Corp., 19 F.Supp.2d 862, 872 (N.D. Ill. 1998); Fomusa v. Permian Petroleum Co., 1997 WL 792983, at *2 (N.D. Ill. Dec. 16, 1997); Aigner, 86 F.R.D. at 540-42.

us to examine factors such as the place of contracting, the place of negotiations, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties. Curran v. Kwon, 153 F.3d 481, 488 (7th Cir. 1998). Applying the test is an easy task in this case. Shell, Equilon and Motiva are Houston-based companies and their relationship (joint venture or not) was formed and centered in Texas. Accordingly, the law of Texas should be used when determining whether a joint venture between the defendants in fact existed. The Second Circuit reached a similar decision on nearly identical facts in Bensmiller v. E.I. DuPont de Nemours & Co., 47 F.3d 79 (2d Cir. 1995). In Bensmiller, the Second Circuit had to decide whether a Texas hospital could be subject to personal jurisdiction in a Connecticut federal court based on a joint venture theory. The court held, under Connecticut's long-arm statute and as a matter of federal due process, that the law of Texas should determine whether a joint venture existed among the defendants. *Id.* at 82-85. Bensmiller provides a cogent discussion of the relevant issues. We agree with the Second Circuit that, absent a choice of law provision to the contrary,[2] Texas law should govern whether Shell, Equilon and Motiva were engaged in a joint venture sufficient to subject Motiva to personal jurisdiction in this court.[3]

Finally, Motiva argues that the strict standards of Texas law preclude us from finding that a joint venture existed between Shell, Equilon and Motiva. In Texas, a joint venture exists

---

[2] Plaintiffs suggest that further investigation may uncover a contractual choice of law clause governing the joint venture between Shell, Equilon and Motiva; of course, such a revelation would bear directly on the issue at hand.

[3] Plaintiffs argue that the federal common law of joint ventures should apply to determine the nature of defendants' relationship. Plaintiffs are correct in that federal common law plays a role in determining liability under federal statutes. *See* Brotherhood of Locomotive Engineers v. Springfield Terminal Railway Co., 210 F.3d 18, 25-26 (1st Cir.), *cert. denied*, 121 S.Ct. 571 (2000); Davidson v. Enstar Corp., 848 F.2d 574, 577-78 (5th Cir. 1988). But the question here is one of personal jurisdiction, not ultimate liability, and Bensmiller is on point.

where there is: (1) a community of interest in the venture; (2) an agreement to share profits; (3) an agreement to share losses; and (4) a mutual right of control or management of the enterprise. *See* Coastal Plains Development Corp. v. Micrea, Inc., 572 S.W.2d 285, 287 (Tex. 1978). Motiva claims that plaintiffs cannot establish that the defendants engaged in profit-sharing. Absent this critical element,[4] Motiva argues, there can be no joint venture and, consequently, no personal jurisdiction. Motiva is right in that, under Reimer, 230 F.3d at 943-44, the receipt of stock dividends and/or the exercise of a degree of managerial control is not enough to exercise personal jurisdiction. Similarly, the language contained in defendants' SEC filings and on their websites (describing defendants' relationship as an "alliance") falls short of the mark, at least under Texas law of joint ventures. *See* Coastal Plains, 572 S.W.2d at 287-88. On the other hand, we cannot say that the profitsharing question is a settled issue at this point in the litigation. So far the only evidence on the subject is an affidavit from Motiva's chief financial officer stating that there was no sharing of profits or losses (Motiva Br.Exh. A). Motiva cannot win on this statement alone. There is sufficient uncertainty on the matter to justify "narrowly targeted discovery" as to whether Shell, Equilon and Motiva shared profits or losses. Reimer, 230 F.3d at 947.[5] As before, we remain open to the possibility that upon further investigation the evidence will reveal an absence of any profit- or loss-sharing and therefore the lack of a joint venture relationship. In the event that such a record develops, our

---

[4]Motiva explains that Texas joint venture law is much more stringent than Illinois law with respect to the profitsharing element of the test. Compare Coastal Plains, 572 S.W.2d at 288 (holding that there was no joint venture where there was no agreement to share profits and losses) with Fitchie v. Yurko, 570 N.E.2d 892, 899-900 (Ill. App. 2 Dist. 1991) (holding that profitsharing is one factor to be considered when determining the parties' intent to form a joint venture); *but see* Aigner, 86 F.R.D. at 541 (Under Illinois law, the "expectation of profits and the sharing thereof, as well as the sharing of losses, are also necessary elements of a joint venture.").

[5]The parties should refrain from conducting general discovery until the personal jurisdiction question has been resolved.

denial of Motiva's motion to dismiss continues to be without prejudice.

For the reasons set forth above, our February 7, 2001 order is vacated to the extent that it relies on the Illinois law of joint ventures and permits discovery beyond that necessary to determine whether defendants shared profits and/or losses. We also strike footnote 1 of our prior order since, as Motiva points out, it did not join Equilon and Shell in opposing plaintiffs' amendment of the complaint. Motiva's motion for reconsideration is granted as to these issues but denied in all other respects.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

June 1, 2001.