Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5766 | **DATE** | 3/20/2002 |
| **CASE TITLE** | Daron Hill et al. Vs. Shell Oil Company et al. | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|
| | Memorandum Opinion and Order |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendants' motion for a protective order is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 291 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 02 MAR 20 AM 4:48 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DARON HILL, et al., )
　)
　　　　Plaintiffs, )
　)
vs. ) No. 98 C 5766
　)
SHELL OIL COMPANY, et al., )
　)
　　　　Defendants. )

DOCKETED
MAR 2 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this purported class action on behalf of African-American customers of Shell-brand gas stations, alleging that Shell-brand stations require that African-American customers prepay for gasoline while allowing white customers to pay after pumping gas. Defendants Shell Oil Company, Motiva Enterprises, LLC, and Equilon Enterprises (collectively "Shell defendants"), move for a protective order prohibiting plaintiffs from videotaping Shell defendants' employees and alleged employee agents. For the following reasons, the motion is denied.

Over the last six years plaintiffs have, as part of their investigation of alleged discrimination, on occasion videotaped employees of Shell stations and independent dealerships. The taping occurred prior to and after the filing of this action, most recently with the assistance of counsel in January and February of 2001. Plaintiffs first made defendants aware of this taping in 1998, and defendants raised concerns after the February 2001 taping. The basic scenario in each tape consists of an African-American customer and a white customer (those aiding in the investigation) driving into the station within minutes of each

other, and using the same pump. Defendants claim that plaintiffs had substantive discussions with employees during these taped visits in order to determine if the stations engaged in the alleged discrimination.

Shell defendants move for a protective order prohibiting future investigative videotaping under Federal Rule of Civil Procedure 26(c). They argue that a protective order is necessary to prevent violations of ethical rules, specifically Northern District of Illinois Rules of Professional Conduct 4.2 and alternatively Rule 4.3. *See* N.D.Ill. LR 83.54.2, 83.54.3. Since employees are represented parties under Rule 4.2 there is no need to address defendants' arguments under Rule 4.3, which governs interactions with non-represented parties.

Rule 4.2 states that

> [d]uring the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

The purpose of this rule is to prevent lawyers from circumventing opposing counsel to get careless statements from adverse parties; to protect the integrity of the attorney-client relationship; to prevent the inadvertent disclosure of privileged information; and to facilitate settlement by channeling disputes through lawyers familiar with the negotiation process. Guillen v. City of Chicago, 956 F.Supp. 1416, 1427 (N.D.Ill. 1997).

Plaintiffs assert that Rule 4.2 is not implicated in this case because the employees in the tapes are not represented parties; the interactions that occurred are not the type of communication prohibited by this rule; and the investigation does not offend the policies underlying this rule. Additionally, plaintiffs argue that the defendants strategically delayed

bringing this motion and it should be denied for lack of timeliness. While there may be strategy in bringing this motion while a class certification motion is pending, defendants have not waited too long to be heard, especially in light of the history and negotiations that have led up to its filing.

We first address whether the station employees are represented parties as contemplated by Rule 4.2. Plaintiffs rely on Apple Corps Ltd, MPL v. Int'l Collectors Soc., 15 F.Supp.2d 456 (D.N.J. 1998), to support their assertion that we should narrowly define represented parties. Unlike the case before us, Apple Corps was decided under the "litigation control group" definition of represented parties, which includes only an organizational entity and members of its litigation control group. New Jersey courts have found that lower level employees who were not significantly involved in the determination of a corporation's legal position are not covered by Rule 4.2. *Id* at 474.

The Northern District of Illinois' comment to Rule 4.2 provides three categories of corporation employees that are considered represented for purposes of the rule's prohibition: employees who have managerial responsibility on behalf of the organization; employees whose acts or omissions in the matter can be imputed to the organization; and employees whose admissions would be binding on the organization. Orlowski v. Dominick's Finer Foods, Inc., 937 F.Supp. 723, 728 (N.D.Ill. 1996); Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875, (7th Cir. 2001). Since Shell defendants' station attendants do not appear to have managerial responsibilities as contemplated by the rule, they are not represented parties under the first category. However, the second two categories of protected employees are applicable here.