# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5766 | **DATE** | 3/28/2002 |
| **CASE TITLE** | Daron Hill et al. Vs. Shell Oil Company et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for class certification is granted, but their request for class notification is denied. (#44-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 2 8 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | 294 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | 02 MAR 28 AM 10:52 | date mailed notice | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARON HILL, et al., )
)
        Plaintiffs, )
)
v. ) Case No. 98 C 5766
)
SHELL OIL COMPANY, et al., )
)
        Defendants. )

DOCKETED
MAR 2 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that Shell Oil Company ("Shell"), Equilon Enterprises ("Equilon"), and Motiva Enterprises ("Motiva") (collectively "Shell defendants") have required African-American customers, but not white customers, to prepay for gas purchases in violation of federal civil rights laws. Plaintiffs now ask us to certify a class under both counts of their complaint against Shell defendants. For the following reasons, their motion is granted.

## BACKGROUND

Daron Hill, Christopher M. Lawson, Tyson Parks, and Carlton Reives are African-American customers of Shell-brand gasoline. Plaintiffs claim that their civil rights were violated when they were required to pay in advance ("pre-pay") for Shell brand gasoline while white customers using the same pumps minutes later were allowed to pump their gas first and then pay ("post-pay"). Over the past several years, plaintiffs Hill and Lawson conducted an investigation of Shell brand gas stations (outlined in our denial of Shell defendants' motion for protective order, *Slip Opinion, 98 C 5766, 3/20/2002*) during which they allegedly experienced and witnessed multiple incidents of discrimination. Plaintiffs Reives and Parks did not participate in the investigation, but have each claimed one incident in which he was a victim

of discrimination.

Plaintiffs assert that the alleged discriminatory treatment is indicative of a pattern or practice of discrimination against African-American customers. Additionally, plaintiffs seek vicarious liability for alleged acts of attendants at non-corporate, dealer owned stations, arguing that liability can be traced through a principal-agent relationship between the corporations and the dealers. On October 29, 1999, we found that plaintiffs successfully stated claims against defendants Shell and Equilon under the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 2000a. See Hill v. Shell OilCo., 78 F.Supp.2d 764 (N.D.Ill. 1999). We subsequently granted plaintiffs motion to add Motiva as a defendant under the same legal theories. See 2000 WL 1100350; 149 F.Supp.2d 416.

## DISCUSSION

Under F.R.Civ.P 23(a), a class must meet four preliminary requirements to be certified: the class must be so numerous that joinder of all the members is impracticable; there are questions of law and fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. Trotter v. Klincar, 748 F.1177, 1184 (7th Cir. 1984). If each of the prerequisites of Rule 23(a) are met, plaintiffs also bear the burden of establishing one of the elements of 23(b). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614, 117 S.Ct. 2231 (1997). Here, plaintiffs seeks injunctive relief under 23(b)(2), which allows for class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P.

23(b)(2).

A decision on class certification should be made as soon as is practicable after an action is brought as a class action. F.R.Civ.P. 23(c)(1); Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 677 (7th Cir. 2001). When deciding a motion for class certification, generally we deem as true all of the substantive allegations of the complaint and do not consider the merits of the action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178, 94 S.Ct. 2140 (1974). Evidence relevant to class certification may be intertwined with the merits, however, and we should make the necessary factual and legal inquiries to determine if class certification is proper. Szabo at 676.

Plaintiffs propose a class of "all African-American persons who (1) since September 16, 1994 have purchased or sought to purchase gasoline products from Shell corporate locations or contract dealers and been subjected to racially discriminatory pre-pay policies, or (2) who will in the future seek to make gas purchases from Shell corporate locations or contract dealers." *pl. supp. memo. at 1.* Shell defendants offer several threshold issues that they argue preclude class certification. Since our analysis of this motion is governed by rule 23, we address Shell defendants' arguments in the context of the rule's requirements.

*Numerosity*

Rule 23(a)(1) requires that a class be so numerous as to make joinder impracticable. F.R.Civ.P. 23(a)(1). We have no difficulty finding, and defendants do not appear to be challenging, that plaintiffs have met the numerosity requirement in this case. Plaintiffs have offered many incidents of alleged discrimination in their own testimony, declarations of other

3

customers, and customer complaints obtained during discovery. Common sense dictates that the plaintiffs who have come forward are representative of a larger group affected by this alleged practice. Hill v. Amoco Oil Co., 2001 WL 293628 *4 (N.D.Ill. 2001). Plaintiffs have satisfied 23(a)(1).

*Commonality*

Rule 23(a)(2) requires that there exist questions of law or fact common to the class. It does not require that all or even most of the issues in the litigation be common issues; generally one common issue is enough. Adams v. R.R. Donnelley & Sons, 2001 WL 336830 *5 (N.D.Ill. 2001) (internal citations omitted). In alleged racial discrimination suits, commonality is often met, because the question of whether there was a pattern or practice of discrimination will be common to all class members. General Telephone Co. v. Falcon, 457 U.S. 147, 157 (1982). At the same time, allegations of racial discrimination on their own do not satisfy the commonality requirement; plaintiffs must allege some unifying force other than race between the class representatives and the proposed class members. Adams, *5.

Here, plaintiffs have proposed a class of African-American purchasers of gasoline products from Shell corporate locations or contract dealers. What unifies this group, other than race, is that they are consumers of Shell-brand gasoline, they have or will patronize corporate owned or contract dealer stations, and they are required to pay before they pump gas. For each of the class claims, we will need to address the issue of whether Shell defendants engaged in a pattern or practice of discrimination of requiring African-Americans, and not others, to pre-pay for gasoline. This appears to be enough to satisfy the commonality

requirement.

But Shell defendants argue that finding a legal issue common to the class does not end our inquiry into commonality. They assert that plaintiffs must do more than allege a pattern or practice common to the class, they must offer adequate proof of the practice. For support, Shell defendants offer cases from other circuits as well as district cases from our circuit, which found that mere allegations of a pattern or practice did not satisfy the commonality or typicality requirements. *See e.g.* Stastny v. Southern Bell Tel and Tele. Co., 628 F.2d 267 (4th Cir. 1980); Nelson v. United States Steel Corp., 709 F.2d 675 (11th Cir. 1983); De La Fuente v. Chicago Tribune Co., 1985 WL 2103 (N.D.Ill. 1985). They argue that these cases in conjunction with Szabo v. Bridgeport, 249 F.3d at 678, require an inquiry into the merits of plaintiffs' claims. According to defendants, we cannot grant certification without a significant showing of discriminatory practice through anecdotal and, more importantly, statistical evidence.

Plaintiffs have offered numerous customer declarations and customer complaints of allegedly discriminatory treatment in addition to their own testimony of alleged discrimination. This is not an instance where a plaintiff "produced no reliable evidence that other class members were victims of discrimination" or failed to show that the "legal arguments involved in her claims and the class claims would be overlapping..." Nelson 709 F.2d at 679. Nor are plaintiffs contending that the defendants directed the stations to require that African-Americans, but not others, to prepay. Rather they contend that the defendants had the responsibility and the ability to control the conduct of stations, that they were aware of pervasive discriminatory practices, and they did little or nothing to end them. *See generally*

5

EEOC v. Dial Corp., 156 F.Supp.2d 926, 953 (N.D. Ill. 2001); EEOC v. Mitsubishi Motor Mfg. of America, Inc., 990 F.Supp. 1059, 1074 (C.D. Ill. 1998). While the merits of the discrimination claims have yet to be determined, at this stage plaintiffs have offered adequate evidence beyond the complaint's allegations to establish commonality. Amoco, 2001 WL 293628 at *5.

Shell defendants assert next that the proposed class fails commonality on separate ground. They argue that if the class is certified we will have to go through a choice of law analysis for determining Shell defendants right to terminate dealers for over 20 states. Resultantly, certification would create an unmanageable class. *See generally* Szabo *supra* (class certification vacated and remanded with instructions to consider prudence of nationwide class in light of choice of law, commonality and manageability hurdles). We are not persuaded that a finding of commonality is precluded by the application of agency law from different states. We will address the agency law question further when Shell defendants' motion for partial summary judgment is fully briefed, but at this point we do not see the potential choice of law analysis as a bar to certification. Plaintiffs have satisfied the requirements of 23(a)(2).

*Typicality*

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs' claims will be typical if they are based on the same legal theory and arise from the same event or practice or course of conduct that gives rise to the class claims. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992) *cert. denied* 506 U.S. 1051 (1993). To assess typicality we ask whether proof of plaintiffs' claims

would prove the proposed class members' claims. Ruiz v. Stewart Associates, Inc., 167 F.R.D. 402, 405 (N.D.Ill. 1996) (internal citations omitted). This requirement is closely related to commonality; analysis under either involves an investigation into whether the proposed class action is economical and will properly address the class claims when addressing the claims of the class representatives. Adams v. R.R. Donnelley & Sons, 2001 WL 336830 *5 (N.D.Ill. 2001) *citing* General Telephone Co. v. Falcon, 457 U.S. 147, 158 (1982).

A proposed class must be defined with some measure of definiteness. Simer v. Rios, 669 F.2d 655, 660 (7th Cir. 1981) *cert. denied* 456 U.S. 917 (1982). Shell defendants argue that there are numerous failings that make the proposed class definition both too broad and too narrow. An improper class scope would undermine typicality. Hill v. Amoco Oil Co., 2001 WL 293628 *4.5 (N.D.Ill. 2001).

Shell defendants maintain that we will have to apply multiple state statutes of limitations to claims for the proposed class, which makes the class period both over inclusive and under inclusive. Plaintiffs respond that state statutes of limitation are inapplicable, since the relief sought is injunctive and declaratory. We agree. Plaintiffs have dropped their request to certify a class under rule 2(b)(3) and no longer seek monetary damages for the class. The proposed class is seeking prospective relief regarding the alleged practice of discrimination, and as a result we do not need to apply a limiting date for class member damages claims.[1]

---

[1] The absence of a claim for damages removes from this case an always present concern in massive class actions seeking damages: that certifying a class will result in such a huge exposure that defendant will be compelled to agree to a sizeable settlement in a meritless or very weak case.

Next, Shell defendants take issue with the term "contract dealers," arguing that it is too vague. They have delineated three categories of stations that are not corporate owned, and contest the use of a term that is unclear as to which categories are included in the class definition. While we appreciate that there are distinctions among the stations, it appears clear from the briefs and prior filings that the parties agree that a "contract dealer" station is one where the land and equipment is corporate owned and then leased to a dealer who operates the station as an independent business. It is evident from Shell defendants' exhibits that these contract dealer stations (referred to as Retailer Operated Retail Outlets) can be easily identified. The class definition terms are clear enough.

Finally, Shell defendants argue that the class as defined cannot be certified because there are outstanding issues that need to be decided that will drastically affect the scope of the class. Specifically, they assert that we need to determine whether there is an agency relationship between Shell defendants and the dealers and whether certain claims are jurisdictionally barred. There is a partial summary judgment pending before the court on the agency issue, and Motiva has a motion to dismiss forthcoming on the jurisdictional issue, both scheduled to be fully briefed by June 12, 2002. Classes are often modified before judgement as discovery brings up new facts and motions are decided, <u>Buycks-Roberson v. Citibank Federal Sav. Bank</u>, 162 F.R.D. 322, 328 (N.D.Ill.1995), and the possibility of modification should not be a bar to certification. Having made the preliminary inquiry into the factual and legal issues advised by <u>Szabo</u>, *supra*, we find plaintiffs have satisfied the typicality requirement of 23(a)(3).

*Adequate Representation*

Under rule 23(a)(4), the named plaintiffs are required to adequately and fairly represent the interests of the class as a whole. There are two parts to a finding of adequacy. A class will be adequately represented if the named plaintiffs (1) can protect the separate and distinct interest of the class members and (2) have obtained adequate counsel. Retired Chicago Police Association v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993).

Shell defendants attack the adequacy of plaintiffs Hill and Lawson based on a lack of integrity to protect the class. Hill and Lawson made videotapes of alleged incidents of discrimination as part of their investigation in this case. While apparently making copies of original videotapes, they recorded over the original tapes. Defendants argue that they have unique defenses against Hill and Lawson, specifically that sanctions can be brought against these plaintiffs for the spoilation of evidence. It follows, defendants argue, that if Hill and Lawson will have to respond to these arguments, they will not be able to adequately focus on the claims of their fellow class members.

The Seventh Circuit has addressed this argument in the context of the typicality requirement, advising that in determining typicality, we look to the defendants' action, not to the specific defenses it might have against certain class members. Wagner v. Nutrasweet Co., 95 F.3d 527, 534 (7th Cir. 1996). We believe the same holds true here. Lawson and Hill's commitment to the class claims is evident from their involvement up to this point, and we do not see any potential defenses against them that bar their adequacy as class representatives.

Shell defendants attack the adequacy of proposed class representatives Parks and Reives from a different angle. They argue that Parks and Reives are not members of the class they seek to represent since their experiences with Shell brand stations is inapposite to the class claims of a pattern or practice of discrimination. Parks and Reives were not part of the investigation undertaken by Hill and Lawson and have claimed only one incident of

9

discrimination. They have also stated that they did not have any other problems at Shell brand stations in the numerous times that they purchased gas.

Shell defendants assert that Parks and Reives have testified that the alleged acts of discrimination were isolated incidents and as a result their experiences are inconsistent with the class claims rendering them inadequate class representatives. But Shell defendants misrepresent the requirements of 23(a)(4). A representative plaintiff will often be found adequate if his claims do not conflict with those of the class members. Rosario, 963 F.2d at 1013. In claims involving a pattern or practice of discrimination, the experiences of a group of plaintiffs should be viewed cumulatively. Some of the class members may have one experience that puts them within the scope of the class, others may allege multiple incidents. There is still a common issue among the group, and proving that Reives and Parks were discriminated against will go to proving the class claims. Parks and Reives are adequate class representatives.

Additionally, Shell defendants dispute the adequacy of plaintiffs' counsel. While they do not contest counsels' credentials, they argue that counsel has acted unethically during this case and should accordingly be found inadequate. In light of our findings in denying defendants' motion for a protective order, we find this argument unavailing. See Slip Opinion, 98 C 5766, 3/20/2002. Plaintiffs have satisfied 23(a)(4).

*23(b)(2)*

Plaintiffs seek class certification under 23(b)(2), which is appropriate if Shell defendants have "acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declarative relief with respect to the class as a whole." F.R.Civ.P. 23(b)(2). Class claims in civil rights cases against parties charged with unlawful, class-based discrimination are prime examples of claims properly certified under

23(b)(2). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997). Shell defendants present Dhamer v. Bristol-Meyers Squibb, Co., 183 F.R.D. 520 (N.D.Ill. 1998), to remind us that individual issues of class members could preclude certification under 23(b)(2). While it is possible that individual issues could make injunctive relief so inappropriate as to preclude certification, that is not the case here. Plaintiffs have offered sufficient examples of the alleged discrimination, and the purported class is certified under rule 23(b)(2).

*Notice*

Since we have granted certification, we now address the issue presented by plaintiffs of notification of the class. Notification is not mandatory under 23(b)(2). Plaintiffs ask that we exercise our discretion and notify the class under 23(d)(2) and (5), which permit notice to be given for the protection of the members of the class or for the fair conduct of the action.

Shell defendants argue that notification will harm them with no benefit to plaintiffs, and ask that we deny or at least delay notification. They assert that the published notice proposed by plaintiffs is not practicable since it will be impossible for individuals to know if the Shell station they patronized is one of the stations included in the class definition. Further, they argue, a nationwide notification will cause an inpouring of inquiries and claims, most of which will be unfounded since they will lie outside the scope of the action. We find that there is not an immediate need to notify class members, and while that need may arise in the future, at this point we deny plaintiffs' request for notification.

## CONCLUSION

Plaintiffs' motion for class certification is granted, but their request for class notification is denied.

*(signed)* JAMES B. MORAN
Senior Judge, U. S. District Court

March 28, 2002.